An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1004
NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

IN THE MATTER OF:

M.I.J., U.N.J., and X.R.J.       Wake County
                                 No. 11 JA 07-09

Appeal by mother and father from order entered 16 July 2012 by Judge Margaret P. Eagles and order entered 13 June 2013 by Judge Monica M. Bousman in Wake County District Court. Heard in the Court of Appeals 13 January 2014.

> *Office of the Wake County Attorney, by Deputy Wake County Attorney Roger A. Askew, for petitioner-appellee Wake County Human Services.*
>
> *Parker Poe Adams & Bernstein LLP, by R. Jason Herndon, for the guardian ad litem.*
>
> *Mary McCullers Reece for respondent-appellant mother.*
>
> *Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for respondent-appellant father.*

STEELMAN, Judge.

After independent review of the record in this matter, and consideration of the no-merit briefs filed by counsel for both

mother and father (respondents), we conclude that there was no prejudicial error and affirm the orders of the trial court.

## I. Factual and Procedural Background

Wake County Human Services (WCHS) filed a juvenile petition on 4 January 2011 alleging M.I.J., U.N.J., and X.R.J. (the children) were neglected juveniles. WCHS took non-secure custody of the children on the same date. By order entered 6 April 2011, the trial court adjudicated the juveniles neglected and continued custody of the children with WCHS. In a permanency planning order filed 16 July 2012, the trial court found that returning the children to respondents would be contrary to the children's best interests. The trial court ceased reunification efforts and ordered that the permanent plan for the children be adoption. Respondents preserved their right to appeal from this order.

On 26 October 2012, WCHS filed a petition to terminate respondents' parental rights, alleging as grounds: (1) neglect, N.C. Gen. Stat. § 7B-1111(a)(1) (2011); (2) failure to make reasonable progress to correct the conditions that led to the removal of the juveniles, N.C. Gen. Stat. § 7B-1111(a)(2) (2011); (3) failure to pay a reasonable portion of the cost of care for the juveniles, N.C. Gen. Stat. § 7B-1111(a)(3) (2011);

and (4) that the parental rights of the respondents with respect to another child have been terminated and the parents lack the ability or willingness to establish a safe home. N.C. Gen. Stat. § 7B-1111(a)(9) (2011). Following hearings on 14 February, 11 March, 12 April, and 24 April 2013, the trial court entered an order on 13 June 2013 concluding that the first three grounds existed to terminate respondents' parental rights and that the fourth ground existed only as to mother. The trial court further determined that termination of respondents' parental rights pursuant to N.C. Gen. Stat. § 7B-1110 (2011) was in the best interests of the juveniles. Respondents gave timely notice of appeal.

## II. "No-Merit" Briefs of Respondents

Counsel for both respondents have filed no-merit briefs stating that after "a conscientious and thorough review of the record on appeal" they are unable to find any issue "of merit on which to base an argument for relief." Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), they request this Court conduct an independent examination of the case. N.C. R. App. P. 3.1(d) (2011). In accordance with Rule 3.1(d), counsel wrote respondents letters advising respondents of counsel's inability to find error, of counsel's request for this Court to

conduct an independent review of the record, and of each respondent's right to file his or her own arguments directly with this Court while the appeal is pending. Counsel attached to each letter a copy of the record, transcript, and no-merit brief filed by counsel. Respondents have not filed their own written arguments.

In addition to seeking review pursuant to Rule 3.1(d), counsel direct our attention to potential issues with regard to the trial court's termination order. Counsel, however, acknowledge that these issues would not alter the ultimate result, as the trial court's findings of fact support at least one ground for termination, and the trial court did not abuse its discretion in determining that termination was in the best interests of the children. *See* N.C. Gen. Stat. §§ 7B-1110, -1111.

After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's orders. Accordingly, we affirm the trial court's order ceasing reunification efforts and the order terminating respondents' parental rights to M.I.J., U.N.J., and X.R.J.

AFFIRMED.

Judges BRYANT and HUNTER, ROBERT N., Jr. concur.

Report per Rule 30(e).